THE STATE OF NEW JERSEY v. MARY DE LANEY.

Argued October 8, 1923—Decided November 28, 1923.

**Disorderly Persons—Foretelling Future—Spiritualism—Religious Liberty.**

On review of conviction under the Disorderly act.

For the state, *Frank F. Neutze.*

For Mary De Laney, *William W. Evans.*

The opinion of the court was delivered by

KATZENBACH, J.   On July 10th, 1923, one Wilbur Morse made the following complaint before the recorder of the city of Camden:

"Camden Police Court.

"STATE OF NEW JERSEY, CAMDEN COUNTY, ss.:

"Wilbur Morse, on his oath, says that on the 1st day of July, 1923, and divers days in the months of January, February, March, April, May and June, 1923, at the city of Camden, county of Camden and State of New Jersey, one Mary De Laney, did use, or pretend to use, or have skill in physiognomy, palmistry or like craft science, or did pretend to tell destinies or fortunes, and was a disorderly person, contrary to section 1 of the act of the legislature of the State of New Jersey entitled 'An act concerning disorderly persons,' approved June 14th, 1898, and the supplements thereto, against the peace of the state, the government and dignity of the same.

"Therefore he asks that the said Mary De Laney may be apprehended, held to answer to said complaint, and be further dealt with as law and justice may require.

"WILBUR MORSE.

"Sworn and subscribed before me this 10th day of July, 1923.

"JOHN T. CLEARY,
"*Recorder, City of Camden,*
*Judge of Camden Police Court.*"

On this complaint Mary De Laney was brought before the recorder's court and pleaded not guilty to the offenses therein charged. Thereupon testimony was offered to the effect that the said Mary De Laney on Sunday, July 1st, 1923, was in the First Spiritualist Church in Camden, and acted as a message bearer and foretold to those present matters which would happen to them in the future; that a collection was taken up; that twenty-five cents from each person in the congregation was collected; that a notice was posted that twenty-five cents admission would be charged. Mary De Laney testified she was present at the church and was paid for her services as a medium and had made the predictions testified to. An officer of the church was sworn and testified that the charter of the church authorized it to teach and practice the religion of spiritualism; that the defendant held a certificate after examination as a medium or message bearer. The recorder thereupon pronounced the defendant guilty of the offense charged of foretelling the future and adjudged the defendant a disorderly person, and directed that she pay a fine of $25.

The defendant has sought, under the statute, a review of this conviction.

In the case of *State* v. *Hatfield,* 87 *N. J. L.* 124, the complaint, on which the prosecutor in that case was convicted, read as follows: "That said Charles Hatfield did use, or pretend to use, or have skill in physiognomy, palmistry or like crafty science, and did pretend to tell destinies, or fortunes, contrary to the statute in such case made and provided."

It will be observed that this complaint is similar to the complaint in the present case. In *State* v. *Hatfield, supra,* the court held that the offense charged in the complaint must be positive and certain, and not in the alternative, so that the defendant will be protected from a second prosecution for the same act, and set aside the conviction. On the same grounds the conviction of the defendant in the present case will be set aside.

It is unnecessary to consider at length the other grounds urged for setting the conviction aside, but perhaps it should be said that the offense alleged is in fact the participation in religious services. The federal and state constitutions guaranty to all citizens religious liberty. This guaranty includes the right to entertain any religious belief or practice any religious doctrine not infringing personal rights or violating the laws of morality and property. *Watson* v. *Jones,* 13 *Wall. (U. S.)* 679.

The Disorderly act cannot, in my opinion, be construed so as to make the acts with which the defendant was charged offenses under that act.

The conviction is set aside.